**SHUI MEI LIN, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General,\* Respondent.**

No. 08–0956–ag.

United States Court of Appeals, Second Circuit.

Aug. 6, 2009.

Michael Brown, New York, NY, for Petitioner.

---

\* Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney Gen-

Gregory G. Katsas, Acting Assistant Attorney General, Emily Anne Radford, Assistant Director, Stephen M. Elliott, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Civil Division, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN, PIERRE N. LEVAL, Circuit Judges.

### SUMMARY ORDER

Petitioner Shui Mei Lin, a native and citizen of the People's Republic of China, seeks review of the January 28, 2008 order of the BIA denying her motion to reopen. *In re Shui Mei Lin,* No. A079 682 314 (B.I.A. Jan. 28, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006). When the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir.2008). We find that the BIA did not err in denying Lin's untimely motion to reopen.

We find no abuse of discretion in the BIA's conclusion that the birth of her children and her decision to begin practicing Falun Gong were changes in her personal circumstances that did not exempt her motion from the 90–day filing deadline. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *Wei Guang Wang v. BIA,* 437 F.3d 270, 274 (2d Cir. 2006) (providing that changed country conditions are required for reopening beyond the 90–day filing deadline; "[a] self-in-

eral Michael B. Mukasey as the respondent in this case. Fed. R.App. P. 43(c)(2).

duced change in personal circumstances cannot suffice"). Lin does not argue that there has been a material change in conditions with respect to China's family planning policy. Regardless, we have previously reviewed the BIA's consideration of evidence similar to that which Lin provided with her untimely motion to reopen, and have found no error in the BIA's conclusion that such evidence was insufficient to establish either materially changed country conditions or an objectively reasonable fear of persecution. *See Jian Hui Shao,* 546 F.3d at 169 ("Substantial record evidence clearly supports the BIA's finding that Show Yung Guo failed to demonstrate a material change in the substance of China's population control policy, which, at all relevant times, has disfavored a family having more than one child."). The BIA reasonably found based on this record that the Chinese government does not physically compel sterilization but rather seeks to secure compliance with its family planning goals by imposing economic and social sanctions as an alternative to sterilization, and that such sanctions do not rise to the level of persecution. *See Jian Hui Shao,* 546 F.3d at 164(finding that the BIA reasonably concluded that the economic rewards and penalties used to implement the family planning policy in Fujian Province did not necessarily amount to "physical or mental coercion"). While we have recognized that, in some circumstances, "severe economic penalties could be as effective as physical pressure in forcing an involuntary sterilization," the record evidence in this case did not compel the BIA to find a reasonable possibility of the imposition of penalties amounting to economic persecution upon the petitioner's return to China. *Id.* at 161–62.

Similarly, Lin does not contest the BIA's finding that she alleged no changed circumstances with respect to China's treatment of Falun Gong practitioners; indeed, she explicitly argues that requiring her to show such a change was "unreasonable." *See Wei Guang Wang,* 437 F.3d at 274.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).